UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EDWARD OSKEL, et al., ) | |
| ) | |
| Plaintiff, ) | 2:11-cv-154-GMN-NJK |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| RANDY JAMES PARDEE, et al., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court on Plaintiff's Emergency Motion to Strike New Prime's Designated Expert Witness; Report (#93).

**MEET AND CONFER**

Fed.R.Civ.P. 37(a)(2)(B) requires that a "party bringing a motion to compel discovery must include with the motion a certification that the movant has in good faith conferred or attempted to confer with the nonresponsive party." Similarly, Local Rule 26-7(b) provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have not been able to resolve the matter without Court action." LR 26-7. This Court has previously held that personal consultation means the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. V. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993). To meet this obligation, parties

1  must "treat the informal negotiation process as a substitute for, and not simply a formal prerequisite
2  to, judicial review of discovery disputes." *Id*. This is done when the parties "present to each other
3  the merits of their respective positions with the same candor, specificity, and support during the
4  informal negotiations as during the briefing of discovery motions." *Id*.

5  Here, the Plaintiff has not provided a statement relating to a meet and confer.  Thus, the
6  Court cannot determine whether any discussion occurred nor whether such a discussion was
7  meaningful.  Accordingly, Court intervention in this matter is not appropriate at this time.

## CONCLUSION

9  Based on the foregoing, and good cause appearing therefore,
10  IT IS HEREBY ORDERED that Plaintiff's Emergency Motion to Strike New Prime's
11  Designated Expert Witness; Report (#93) is **DENIED**.
12  DATED this   22nd   day of January, 2013.

NANCY J. KOPPE
United States Magistrate Judge