1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

EDWARD OSKEL, et al.,                    )
                                         )
            Plaintiff,                    )         2:11-cv-154-GMN-NJK
                                         )
vs.                                      )
                                         )         **O R D E R**
RANDY JAMES PARDEE, et al.,               )
                                         )
            Defendant.                    )
_____ )

            This matter is before the Court on Plaintiff's Motion to Strike Untimely Disclosures (#104).
The Court has considered the Plaintiff's Motion (#104), the Defendants' Response (#107), and the
Plaintiff's Reply (#121).

**BACKGROUND**

            This case arose from a motor vehicle accident on or about November 25, 2008. On November
24, 2010, the Plaintiff filed suit against the Defendants in the 8th Judicial District Court, Clark
County, Nevada. Shortly thereafter, on January 28, 2011, the case was removed to United States
District Court for the District of Nevada.  The parties requested and received 365 days to conduct
discovery, with a discovery deadline of March 14, 2012. The discovery deadline was later extended
to October 31, 2012, then November 30, 2012, then January 15, 2013, and finally February 1, 2013.

            Between January 4, 2013, and January 28, 2013, the Defendants made a number of

supplemental disclosures to the Plaintiff. Those supplements, the Plaintiff argues, were readily available months before their disclosure and therefore should have been produced earlier. The Plaintiff asserts that he was prejudiced by the untimely disclosures because he cannot conduct follow up discovery.  Accordingly, the Plaintiff has moved to strike the Defednants' 29th, 30th, 31st, 32nd, 33rd, 34th, and 36th supplemental disclosures.

## DISCUSSION

The Plaintiff asserts that Defendant New Prime's 29th, 30th, 31st, 32nd, 33rd, 34th, and 36th supplemental disclosures were untimely under Fed.R.Civ.P. 26.  Thus, the Plaintiff argues, those disclosures should be stricken under Fed.R.Civ.P. 37.

Accordingly, before the Court can determine whether Rule 37 sanctions are appropriate, it must first inquire as to whether New Prime's supplemental disclosures were timely under Rule 26.

**A.     Rule 26**

Pursuant to Fed.R.Civ.P. 26(a)(1)(A), a party must, without awaiting discovery request, provide to other parties:

(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

(ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

Fed.R.Civ.P. 26(a)(1)(A)(I) and (ii).

Federal Rule of Civil Procedure 26(e) requires a party who has made a disclosure under Rule 26(a) - or who has responded to an interrogatory, request for production, or request for admission - to supplement or correct its disclosure or response. The Rule, however, does not specifically mandate when such supplements must be made, only that they must be made "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and *if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing*; or as ordered by the

court." FED. R. CIV. P. 26(e) (emphasis added).  Rule 26(e) does not require that disclosure

amendments must be served before the discovery deadline, only that they must be made "in a

timely manner." *See Dayton Valley Investors, LLC v. Union Pacific R. Co.*, 2010 WL 3829219

(D. Nev. 2010) ("The rule does not limit the time for supplementation of prior disclosures to the

discovery period.").

      1.    <u>Twenty-Ninth Disclosure: Brent Smith and additional testimony of Don Lacy</u>

          *a.*    *Brent Smith*

On January 4, 2013, eleven days before the close of discovery,[1] New Prime disclosed

their witness Brent Smith, of Custard Insurance Adjusters, as the individual who searched for

Pardee's mission log books on or about March 13, 2009.  The Plaintiff argues that Smith should

be stricken because the Defendants knew Smith's identity and that he was someone who would

have knowledge regarding the log books, since the beginning of this litigation. The delayed

disclosure of Smith, the Plaintiff asserts, prevented the deposition of Smith from occurring

within the discovery deadlines.

In opposition, New Prime contends that the Plaintiff could have deposed Smith if they

had deposed Debi Hamen.  Hamen, also of Custard Insurance Adjusters, was identified on June

12, 2012, as the person involved in the immediate post-accident investigation, and she was the

person who directed Smith to look for Pardee's log books. Additionally, there is no indication

that the Plaintiff attempted to depose Smith after New Prime's disclosure, even though he lives

in Las Vegas and can readily be made available for deposition.

The Court rejects the Plaintiff's argument that the disclosure of a non-key witness eleven

days before the close of discovery was untimely. The Court concludes that Smith is a non-key

witness because if the Plaintiff had truly wanted to know who physically looked for the log

books, he could have requested that information in an interrogatory or some other form of

discovery.  There is no indication that such a request was made.  The Plaintiff was clearly aware

that *someone* looked for the log books. Thus, Smith's existence, if not his identity, was known

---

[1] The day after discovery closed, on January 16, 2013, the Court extended discovery to February 1, 2013. Docket No. 92.

1   throughout discovery and the Plaintiff could have requested that information at any time. Indeed,

2   if Smith's identity is as crucial to this case as the Plaintiff states it is, it is reasonable to assume

3   that the Plaintiff would have taken steps to gather or compel such information earlier in

4   discovery. Additionally, Smith was disclosed almost two weeks before the discovery deadline,

5   which was then extended, and yet the Plaintiff has never issues a subpoena for his deposition,

6   even after the discovery deadline was extended. Thus, it appears that Smith is not as crucial to

7   this case as the Plaintiff asserts.  Accordingly, the Court finds that disclosing Smith on January 4,

8   2013, was timely.

9                     *b.*     *Additional Testimony of Don Lacy*

10          The Plaintiff argues that the twenty-ninth disclosure adds an additional category of

11   testimony for witness Don Lacy, the Safety Director at New Prime; specifically, testimony

12   pertaining to the post-accident investigation from November 25, 2008 to December 8, 2008.

13   Accordingly, the Plaintiff seeks to strike this "additional category" of testimony by Lacy.  The

14   Defendants contend that the twenty-ninth disclosure merely clarifies Lacy's designation and,

15   because Lacy has already been deposed twice, no additional discovery is necessary.

16          The Plaintiff, having filed the motion to strike, has the initial burden of showing how

17   Lacy's testimony violates Rule 26.  Nothing in either the Motion (#104) nor the Reply (#121)

18   provides such explanation. Considering that Lacy was appropriately disclosed and has already

19   been deposed twice,[2] the Court cannot conclude that testimony relating to the post-accident

20   investigation is "additional." Rather, it appears that the twenty-ninth disclosure is merely

21   clarification and not an "additional category" of testimony. Thus, there is no reason to depose

22   Lacy a third time nor is there a reason to strike a portion of his testimony.  The Court finds that

23   this portion of the twenty-ninth supplement did not violate Rule 26.

24          2.     Thirtieth Disclosure: Supplemental Report of Robert A. Leark, Ph.D.

25          The Plaintiff asserts that the Supplemental Report of Robert A. Leark, Ph.D. should be

26   stricken for failure to comply with *Daubert*. However, a *Daubert* dispute is more appropriately

27

28          [2]Neither party indicates what was discussed in either deposition.

1  reserved for a motion in limine.  The Plaintiff may re-argue this disclosure in the appropriate
2  motion. The Plaintiff does not argue that the Supplemental Report of Robert A. Leark, Ph.D.
3  violates Rule 26.  Accordingly, the Court will not strike the Supplemental Report of Robert A.
4  Leark Ph.D.
5      3.   Thirty-First Disclosure: New Prime Training Video and Email from Mr. Kaufman
6          a.   *Training Video*
7  The Plaintiff has been requesting New Prime's training video since as early as mid-2012.
8  The Defendants failed to provide that video until January 11, 2013.  However, the video was
9  discussed in at least two depositions, one occurring after the video was disclosed. Nevertheless,
10  in light of the Defendants' delay in producing the video, the Plaintiff seeks to have the video
11  stricken.
12  New Prime does not deny that the video was requested nor does it explain why it
13  produced the video at the end of discovery.  Accordingly, because the Plaintiffs have been
14  requesting the video since mid-2012, but New Prime did not disclose the video until January 15,
15  2012, the Court finds that the video production was not timely.
16          b.   *Email from Mr. Kaufman*
17  The Plaintiff asserts that the "email from Mr. Kaufman" should be stricken because it was
18  not disclosed until January 11, 2013. Docket No. 104, at 9:19-21. The Plaintiff directs the Court
19  to Exhibit 3 of its Motion (#104).  However, Exhibit 3, which is the thirty-first supplement, does
20  not have an email from Mr. Kaufman marked as a new entry.  Rather, John Hancock's January
21  11, 2013 correspondence regarding orientation in Salt Lake City, September 2008, is marked as a
22  new entry. Exhibit 3 attached to Docket No. 104, at 9:22.  This is also the correspondence New
23  Prime references in its Response. Docket No. 107 at 2:10. Thus, presumably, this is the
24  correspondence to which the Plaintiff is referring. That correspondence, as stated above, is dated
25  January 11, 2013.  It was disclosed on January 11, 2013.  The Court, without further information,
26  cannot find that this disclosure was untimely.
27  ...
28  ...

- 5 -

4.   Thirty-Second Disclosure: Custard Insurance Claims File, New Prime, Inc.'s Payroll Records for Andy Pardee, and the New Prime Orientation Video

a.   *Custard Insurance Claims File*

New Prime asserts that the January 16, 2013, disclosure of the Claims File was appropriate because it was disclosed during the discovery period and, because the Plaintiff did not depose Hamen, it does not appear that he has a sincere interest in deposing witnesses on the claims file.  Indeed, based on the information before the Court, it appears as though the Plaintiff made no effort to obtain the claims file and it was readily apparent that one existed.  Thus, because the existence of the claims file was made known to the Plaintiff during the discovery process, and there is no indication that the Plaintiff requested the claims file earlier in the discovery process,[3] this disclosure is timely.

b.   *Payroll Records*

The Plaintiff seeks to strike the payroll records because they were not disclosed until January 15, 2013. New Prime states that the disclosure was timely and that the payroll records are not in dispute. The Plaintiff makes no contention that the documents are in dispute and; further, he does not indicate why depositions on these undisputed documents is necessary.[4] Accordingly, considering the substance of these documents and the fact that they were disclosed before the close of discovery, the Court finds that this disclosure was timely.

c.   *Orientation Video*

For the same reasons that the delayed disclosure of the Training Video was not timely, the delayed disclosure of the Orientation Video was also not timely.

5.   Thirty-Third Disclosure: New Prime Tractor Repair Order

The Plaintiff asserts that this disclosure was untimely because it was made on January 16, 2013, and thus he had no opportunity to depose New Prime's deponents on these records. New

---

[3]The Plaintiff does not allege that the claims file should have been produced with initial disclosures.

[4]The Plaintiff states the "interest of justice and equity" requires more depositions; however, he fails to indicate how the interest of justice and equity would be served by deposing witnesses on the payroll records.

Prime states that the disclosure of these records was timely because it was made within the discovery schedule and the documents are self-authenticating. The Plaintiff does not dispute that the document is self authenticating nor does he indicate why depositions on the document is necessary. Accordingly, considering the substance of the document, the fact that it is self-authenticating, and that there is no apparent reason why a deposition on the document is necessary, the Court finds that this disclosure was timely.

6. <u>Thirty-Fourth Disclosure: Veriuska Bernal, Sharon Braddy-McKoy, David Elliot, PE, and Kent Devereax</u>

The Plaintiff alleges that New Prime did not timely disclose these witnesses because it did not add them to its witness list until January 16, 2013. According to the Plaintiff, this means that New Prime "had no intention of disclosing these individuals prior to said discovery date." Docket No. 104, at 11:11. However, the Plaintiff has already deposed all of these witnesses and, according to New Prime, it was merely updating its witness list.

Under Rule 26(e), all supplements must be made "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, *and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process* or in writing; or as ordered by the court." FED. R. CIV. P. 26(e)(emphasis added).

Here, the Plaintiff clearly was already aware of these four witnesses because he deposed all of them. Thus, there was nothing untimely about New Prime updating its witness list at the end of discovery and it did not violate Rule 26.

7. <u>Thirty-Sixth Disclosure: New Prime Inc.'s Driver File in Tentstreet for Randy Pardee</u>

The 36th disclosure is a two page document that lists the dates of Pardee's training. New Prime produced this document on January 28, 2013, and the Plaintiff used this document as the basis for his questions of Mr. Harrill on February 1, 2013. The Plaintiff asserts that this document should have been disclosed sooner because he has not had an opportunity to conduct sufficient follow up discovery on this document. Considering the length and substance of this document and the fact that the Plaintiff already deposed a witness about this document, the Court

1    finds that the disclosure was timely.

2    **B.      Rule 37**

3          New Prime's disclosures of the Training Video and the Orientation Video were not timely

4    under Rule 26.

5          Violations of Rule 26 are sanctionable under Rule 37.  However, the Court has wide

6    latitude in using its discretion to issue sanctions under FED.R.CIV.P. 37(c)(1).  Information may

7    be introduced if the parties' failure to disclose the required information is substantially justified

8    or harmless.  *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

9    Additionally, Rule 37(c)(1) does not require the court, in all instances, to exclude evidence as a

10   sanction for a late disclosure that is neither justified nor harmless. *Jackson v. United Artists*

11   *Theatre Circuit, Inc.*, 278 F.R.D. 586, 594 (D. Nev. 2011)*; citing Design Strategy, Inc. v. Davis,*

12   469 F.3d at 296, 298, and *Allstate Ins. Co. v. Nassiri,* 2011 WL 2977127, *5–6 (D.Nev.2011).

13         In *Wendt v. Host International, Inc.*, 125 F.3d 806, 814 (9th Cir.1997), the Ninth Circuit

14   identified several factors that the district court may consider in deciding whether to impose Rule

15   37(c)(1)'s exclusion sanction. Those factors include (1) the public's interest in expeditious

16   resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the

17   other parties, (4) the public policy favoring disposition of cases on their merits, and (5) the

18   availability of less drastic sanctions. *Jackson*, 278 F.R.D. at 594; citing *Wendt,*125 F.3d at 814.

19   Although a finding of willfulness or bad faith is not required in order to impose the evidence

20   preclusion sanction, willfulness or bad faith is clearly a factor in deciding the appropriate level of

21   sanction. *Jackson*, 278 F.R.D. at 594.

22         New Prime argues that the video disclosures were proper because they were produced

23   during discovery and the Plaintiff was able to conduct discovery on the videos both before and

24   after they were disclosed.  Specifically, the training video was produced prior to the February 1,

25   2013, deposition of Rodney Harrill, the terminal manager of the Salt Lack City terminal and the

26   FRCP 30(b)(6) witness regarding training provided to Pardee, and Harrill was questioned about

27   the showing of the videos.

28         The Plaintiff on the other hand, asserts that he was prejudiced because he had "no

opportunity" to depose "Mr. Kaufman or other New Prime Witnesses" and the "Defendant failed to timely disclose [the training video] to the Plaintiffs during discovery." Docket No. 104 at 10:4. The Plaintiff also states that he was entitled to "have all relevant information" before the deposition of defense witnesses. Docket No. 121 at 7:10.

The Court finds that the delayed video disclosures were harmless.  The Plaintiff has deposed relevant witnesses on the videos, both of which were disclosed during discovery, supporting a finding that the delayed disclosure was harmless. Although the Plaintiff states that he was entitled to "all relevant information" for the depositions, this does not overcome New Prime's arguments which support harmlessness.  It does not explain what other witnesses need to be deposed on the videos or how an earlier disclosure of the videos would have altered past depositions.  The Court cannot guess how the videos would have been relevant to which depositions.

**C.      Less Drastic Sanctions**

Although striking the videos is not appropriate, New Prime did make late disclosures and the Court finds that less drastic sanctions are appropriate. In reaching this conclusion, the Court has considered, (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the other parties, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. See *Jackson*, 278 F.R.D. at 594; citing *Wendt,* 125 F.3d at 814.

The first two factors, as always, weigh at least slightly in favor of granting a strike. However, the public policy of favoring disposition of cases on their merits would be severely undercut if New Prime's late disclosures were striken. Additionally, such a sanction would be overly harsh considering the videos were disclosed during the discovery period. Finally, the Court has identified less drastic sanctions that are readily available.

The Plaintiff indicated that it was harmed by the late disclosure of the videos because it cannot conduct additional depositions on the videos. In the interest of fairness and in an attempt to provide the Plaintiff with a reasonable remedy, the Court will permit the Plaintiff to conduct one additional deposition of a witness of his choosing on the videos.

- 9 -

## CONCLUSION

Based on the foregoing, and good cause appearing therefore,

**IT IS HEREBY ORDERED** that  Plaintiff's Motion to Strike Untimely Disclosures (#104) is **DENIED**;

**IT IS FURTHER ORDERED** that the New Prime will be sanctioned as follows for violating Fed.R.Civ.P. 26:

1.      It must make one witness of the Plaintiff's choosing available for deposition on the videos.

DATED this 28th day of March, 2013.

_____
**NANCY J. KOPPE**
**United States Magistrate Judge**

- 10 -