UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| EDWARD OSKEL, et al., | ) | |
| Plaintiff, | ) | 2:11-cv-154-GMN-NJK |
| vs. | ) | **O R D E R** |
| RANDY JAMES PARDEE, et al., | ) | |
| Defendant. | ) | |

This matter is before the Court on Plaintiff's Motion to Strike Defendants' Investigator Kent Devereaux from Testifying at Trial (#105). The Court has considered the Plaintiff's Motion (#105), the Defendants' Response (#115), and the Plaintiff's Reply (#139).

**BACKGROUND**

As part of its investigation in this case, new Prime retained Anywhere Anytime Investigation (AAI) to perform surveillance on Edward Oskel. AAI completed the surveillance of Oskel during January and May 2011. The surveillance reports and videos show Oskel driving a motor vehicle, carrying groceries, kicking a soccer ball, bending over, and otherwise moving without restriction.

AAI was not licensed in Nevada at the time the investigation took place. Kent Devereaux is the sole owner and employee of AAI.

**DISCUSSION**

The Plaintiff asserts that the Court should strike the report of AAI, any materials or recordings obtained as a result of AAI's investigation, and any testimony from any person, including Devereaux, and reference related thereto. The Plaintiff bases this assertion on two

1  arguments. First, he argues, because AAI is not licensed in Nevada, the investigation was illegal
2  and therefore should be stricken. The Plaintiff cites to NRS 648 et. seq., which indicate that AAI
3  should have been licensed.  However, as New Prime explains in its opposition, that portion of the
4  Nevada Administrative Code provides no basis for the exclusion of evidence under the
5  circumstances if this case. *See* Docket No. 115 at 2. In reply, the Plaintiff states that New Prime
6  "provides no argument as to why NRS 648.012 and NRS 648.063 do not apply to AAI and/or the
7  facts and circumstances of this case." Docket No. 139 at 3. However, it is the Plaintiff who filed
8  this motion and thus he has the burden of proof. It is the Plaintiff who has failed to show why
9  Devereaux's testimony and AAI report should be stricken.
10  Second, the Plaintiff argues that New Prime has committed spoilation because Devereaux
11  did not retain the audio tapes of his notes that were taken as part of his investigation.  However,
12  Devereaux transcribed those notes into his final report. Additionally, the Plaintiff has not cited
13  any on-point case law which supports striking the report in these circumstances. Without such
14  support, the Court cannot justify striking AAI on the grounds that Devereaux transcribed his
15  notes.  Accordingly, the Court will not strike AAI's report.

## CONCLUSION

Based on the foregoing, and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike Defendants' Investigator Kent Devereaux from Testifying at Trial (#105) is **DENIED**;

DATED this 28th day of March, 2013.

_____
**NANCY J. KOPPE**
**United States Magistrate Judge**

- 2 -