1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
7                          DISTRICT OF NEVADA
8                                 * * *
9
10   EDWARD OSKEL, et al.,                    )
                                              )
11              Plaintiff,                     )        2:11-cv-154-GMN-NJK
                                              )
12   vs.                                      )
                                              )        **O R D E R**
13   RANDY JAMES PARDEE, et al.,              )
                                              )
14              Defendant.                     )
     _____)
15
16          This matter is before the Court on Plaintiff's Second Motion to Strike Untimely Disclosures
17   (#106). The Court has considered the Plaintiff's Motion (#106), the Defendants' Response (#116),
     and the Plaintiff's Reply (#140).[1]
18
19                              **BACKGROUND**
20          This case arose from a motor vehicle accident on or about November 25, 2008. On November
21   24, 2010, the Plaintiff filed suit against the Defendants in the 8th Judicial District Court, Clark
22   County, Nevada. Shortly thereafter, on January 28, 2011, the case was removed to United States
23   District Court for the District of Nevada.  The parties requested and received 365 days to conduct
24   discovery, with a discovery deadline of March 14, 2012. The discovery deadline was later extended
25   to October 31, 2012, then November 30, 2012, then January 15, 2013, and finally February 1, 2013.
26
27   _____
         [1]The Plaintiff's Reply (#140) was filed on March 22, 2013.  However, it does not address any
28   of the issues or disputes discussed in the Second Motion to Strike (#106) nor the Response (#116).
     Indeed, it appears that the Reply to the Second Motion to Strike (#140) is the same document as the
     Reply to the Motion to Strike (#121), which was filed on February 22, 2013. Accordingly, it was not
     beneficial to the resolution of the disputes raised in the Second Motion to Strike (#106).

1   On January 29, 2013, New Prime disclosed Dr. Glenn Lipson's second report.  On January

2   30, 2013, New Prime disclosed a maintenance CD.  The Plaintiff asserts that these two disclosures

3   were untimely and therefore should be stricken.

4                                                **DISCUSSION**

5   Disclosures that are untimely under Fed.R.Civ.P. 26 may be stricken under Fed.R.Civ.P.

6   37.

7   **A.      Rule 26**

8   Pursuant to Fed.R.Civ.P. 26(a)(1)(A), a party must, without awaiting discovery request,

9   provide to other parties:

10          (i) the name and, if known, the address and telephone number of each individual likely to
            have discoverable information—along with the subjects of that information—that the
11          disclosing party may use to support its claims or defenses, unless the use would be solely
            for impeachment;

12
            (ii) a copy—or a description by category and location—of all documents, electronically
13          stored information, and tangible things that the disclosing party has in its possession,
            custody, or control and may use to support its claims or defenses, unless the use would be
14          solely for impeachment;

15   Fed.R.Civ.P. 26(a)(1)(A)(I) and (ii).

16   Federal Rule of Civil Procedure 26(e) requires a party who has made a disclosure under

17   Rule 26(a) - or who has responded to an interrogatory, request for production, or request for

18   admission - to supplement or correct its disclosure or response. The Rule, however, does not

19   specifically mandate when such supplements must be made, only that they must be made "in a

20   timely manner if the party learns that in some material respect the disclosure or response is

21   incomplete or incorrect, and *if the additional or corrective information has not otherwise been*

22   *made known to the other parties during the discovery process or in writing*; or as ordered by the

23   court." FED. R. CIV. P. 26(e) (emphasis added).  Rule 26(e) does not require that disclosure

24   amendments must be served before the discovery deadline, only that they must be made "in a

25   timely manner." *See Dayton Valley Investors, LLC v. Union Pacific R. Co.*, 2010 WL 3829219

26   (D. Nev. 2010) ("The rule does not limit the time for supplementation of prior disclosures to the

27   discovery period.").

28   ...

1      1.      Dr. Lipson Report

2          Dr. Lipson's second report was disclosed on January 29, 2013. New Prime states, and the

3   Plaintiff does not contest, that the report did not contain any new conclusions or opinions from

4   the original report. Additionally, the Plaintiff's counsel asked Dr. Lipson questions about the

5   report during his deposition. New Prime did not realize that Dr. Lipson's second report was not

6   turned over to the Plaintiff and disclosed the report as soon as the error was discovered.

7   Considering that the second report contained no new opinions and it was disclosed shortly after

8   the January 15, 2013, discovery cut-off date and while certain discovery was still occurring, the

9   Court finds that the disclosure was made in a timely manner.

10         Additionally, to the extent that the motion requests reconsideration of the Court's January

11  22, 2013, Order (#96), which denied the Plaintiff's prior Motion to Strike Dr. Lipson's Report

12  (#93), that request is denied.  The Supreme Court has held that the courts of appeal may

13  determine that an appeal has been waived due to the failure to file objections within the specified

14  time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This Circuit has also held that (1) failure to file

15  objections within the specified time and (2) failure to properly address and brief the

16  objectionable issues waives the right to appeal the District Court's order and/or appeal factual

17  issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir.

18  1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

19         Here, the Plaintiff waited over a month to indicate he had any objections to the Court's

20  January 22, 2013, Order (#96) and additionally did not fully brief this objection.  Accordingly, to

21  the extent Motion (#106) was intended to be an objection to the Court's Order (#96), it is denied.

22      2.      Maintenance DVDs

23         The Plaintiff asserts that he requested these DVDs over a year ago. New Prime did not

24  produce the DVDs, however, until February 1, 2013.  Additionally, the DVDs were discussed in

25  certain depositions.

26         New Prime does not deny that the DVDs were requested nor does it explain why it

27  produced them at the end of discovery.  Accordingly, because the Plaintiffs have been requesting

28  the DVDs for over a year, but New Prime did not disclose the video until February 1, 2013, the

1    Court finds that the video production was not timely.

2    **B.      Rule 37**

3          New Prime's disclosures of the maintenance DVDs were not timely under Rule 26.

4          Violations of Rule 26 are sanctionable under Rule 37.  However, the Court has wide

5    latitude in using its discretion to issue sanctions under FED.R.CIV.P. 37(c)(1).  Information may

6    be introduced if the parties' failure to disclose the required information is substantially justified

7    or harmless.  *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

8    Additionally, Rule 37(c)(1) does not require the court, in all instances, to exclude evidence as a

9    sanction for a late disclosure that is neither justified nor harmless. *Jackson v. United Artists*

10   *Theatre Circuit, Inc.*, 278 F.R.D. 586, 594 (D. Nev. 2011)*; citing Design Strategy, Inc. v. Davis,*

11   469 F.3d at 296, 298, and *Allstate Ins. Co. v. Nassiri,* 2011 WL 2977127, *5–6 (D.Nev.2011).

12         In *Wendt v. Host International, Inc.*, 125 F.3d 806, 814 (9th Cir.1997), the Ninth Circuit

13   identified several factors that the district court may consider in deciding whether to impose Rule

14   37(c)(1)'s exclusion sanction. Those factors include (1) the public's interest in expeditious

15   resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the

16   other parties, (4) the public policy favoring disposition of cases on their merits, and (5) the

17   availability of less drastic sanctions. *Jackson*, 278 F.R.D. at 594; citing *Wendt,* 125 F.3d at 814.

18   Although a finding of willfulness or bad faith is not required in order to impose the evidence

19   preclusion sanction, willfulness or bad faith is clearly a factor in deciding the appropriate level of

20   sanction. *Jackson*, 278 F.R.D. at 594.

21         New Prime argues that the delay in producing the DVDs was caused by the fact that they

22   had not been used for some time.  Additionally, New Prime asserts, there is no allegation that any

23   maintenance done by Mr. Pardee was the cause of the accident.  These assertions support a

24   finding of harmlessness.  The Plaintiff has not made any counter argument to New Prime's

25   assertions. Accordingly, considering that maintenance by Pardee is not at issue and the DVDs

26   were produced either within or relatively close to the discovery cut off, the Court finds that New

27   Prime's delayed disclosure of the DVDs was harmless.

28   ...

<u>**CONCLUSION**</u>

Based on the foregoing, and good cause appearing therefore,

**IT IS HEREBY ORDERED** that  Plaintiff's Second Motion to Strike Untimely Disclosures (#106) is **DENIED**;


DATED this 28th day of March, 2013.

_____
**NANCY J. KOPPE**
**United States Magistrate Judge**

- 5 -